IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT P. RIGGS, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2076 |
| | § | |
| CUDD PRESSURE CONTROL, INC., | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Transfer [Doc. # 6] filed by Defendant Cudd Pressure Control, Inc. ("Cudd"), which Plaintiffs oppose [Docs. # 8 and # 9]. A thorough review of the record and the application of relevant legal authorities lead to the conclusion that the motion should be **granted** and the case should be transferred to the United States District Court for the Eastern District of Louisiana.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Robert P. Riggs is a citizen of Louisiana and Dynamics Marine, Inc. ("DMI") is a Louisiana corporation. Cudd is a Delaware corporation with offices in Texas and in Louisiana. Plaintiffs allege that they provided to Defendant various drawings of their design of liftboat components for "reference only," but that Defendant improperly used the drawings for other purposes without compensating Plaintiffs.

Plaintiffs sued Defendant in the 125th Judicial District Court for Harris County, Texas. Defendant removed the case to this Court and moved to transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).

**II.     ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999). The party moving to transfer venue under § 1404(a) has the burden of proving that venue should be transferred. *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Clark v. Kick*, 79 F. Supp. 2d 747, 755 (S.D. Tex. 2000).

"A motion to transfer an action to another federal district pursuant to § 1404(a) calls for an individualized, case-by-case consideration of convenience and fairness." *International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5th Cir. 1996) (internal quotations omitted). The Court has wide discretion in deciding a transfer motion. *See Arnold v. Garlock, Inc.*, 288 F.3d 234, 239 (5th Cir. 2003).

The first issue in ruling on a § 1404(a) motion is "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Enter.*, 337

F.3d 429, 433 (5th Cir. 2003).  It is beyond dispute that this case could have been brought in the Eastern District of Louisiana.  Plaintiffs are citizens of Louisiana and Defendant maintains an office there.

The Court next must analyze other pertinent factors identified by the courts to determine whether the Eastern District of Louisiana would be more convenient for the parties and witnesses and whether the interests of justice would best be served by transfer.  These factors are:

- plaintiffs' choice of forum;
- the availability and convenience of witnesses and parties,
- the location of books and records,
- the cost of obtaining attendance of witnesses and other trial expenses,
- the place of the alleged wrong, and
- the possibility of delay and prejudice if transfer is granted.

*See id.* at 433-35[1]; *Carlile v. Continental Airlines, Inc.*, 953 F. Supp. 169, 170 (S.D. Tex. 1997).  In addition, courts should consider other factors that may play into general

---

[1]  In the past, courts also considered the location of counsel.  However, the Fifth Circuit has held that "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *Horseshoe Enter.*, 337 F.3d at 434.

considerations of interests of justice.  *See State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 197 (S.D. Tex. 1994).

In this case, the evidence indicates that Plaintiffs chose a forum other than their home forum and, as a result, their choice is not entitled to the usual deference.  *See Lajaunie v. L&M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 755 (S.D. Tex. 2003). The evidence also shows that the parties, many witnesses, and the books and records other than those in the custody of Plaintiffs' counsel are in the Eastern District of Louisiana.  Although two of the Louisiana witnesses have stated that they are willing at this point to come to Houston for trial, there is no evidence that other witnesses not subject to this Court's subpoena power are similarly willing to appear voluntarily and the current willingness of the two identified witnesses may change prior to trial. Because the parties, witnesses, and records are in Louisiana, it should be less expensive to try the case there than in Texas.  The factual allegations in Plaintiffs' complaint indicate that the alleged wrong and the alleged injury occurred, if at all, in Louisiana. There is no evidence that the transfer of this case to the Eastern District of Louisiana would result in delay or other prejudice to Plaintiffs.  Indeed, the evidence in the record indicates that the case, which was filed in mid-June, may well be tried more quickly in Louisiana than in Texas.  The evidence indicates that the relevant factors weigh in favor

of the Eastern District of Louisiana as a more convenient forum for the litigation of this case.

## III. CONCLUSION AND ORDER

The convenience of the parties and witnesses and the interest of justice favor transfer of this case to the Eastern District of Louisiana where all parties either reside or have offices, where many witnesses reside, and where most relevant documents are located. Accordingly, it is hereby

**ORDERED** that Cudd's Motion to Transfer [Doc. # 6] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Eastern District of Louisiana. The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **28th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge